| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | |
|---|---|
| ANTHONY BRIAN MARTIN, | § |
| | § |
| Movant, | § |
| | § |
| *versus* | § CIVIL ACTION NO. 1:05-CV-746 |
| | § |
| UNITED STATES OF AMERICA, | § |
| | § |
| Respondent. | § |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Anthony Brian Martin, through counsel, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the motion to vacate be dismissed.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Movant filed an objection to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objection in relation to the pleadings and the applicable law.

Movant asserts two grounds for review. Movant does not object to the magistrate judge's conclusion regarding his first ground for review. In his second ground for review, movant states he received ineffective assistance of counsel because counsel failed to object to movant's offense level being increased by two points for possession of a firearm. The magistrate judge concluded

consideration of this ground for review was barred by paragraph 11 of movant's plea agreement. Movant objects to this conclusion.

A defendant may, as part of a valid plea agreement, waive his statutory right to appeal his conviction or sentence on direct appeal and under 28 U.S.C. § 2255. *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). The waiver must be voluntary and a knowing, intelligent act done with awareness of the relevant circumstances and likely consequences. *United States v. Burns*, 443 F.3d 442, 449 (5th Cir. 2005). An ineffective assistance of counsel claim survives the waiver of appeal only if the alleged ineffective assistance directly affects the validity of the waiver or of the plea itself. *White*, 370 F.3d at 343.

Movant's assertion that counsel was ineffective for failing to object to his offense level being increased based upon possession of a firearm is not an attack on the validity of the waiver or of movant's guilty plea itself. Movant is asserting counsel was ineffective in connection with sentencing, not that counsel was ineffective in negotiating the plea agreement or in explaining to movant the effect of the plea agreement or the waiver of appeal provision. As a result, consideration of movant's second ground for review is barred by the plea agreement. Movant's objection is therefore without merit.

**ORDER**

Accordingly, the objection to the Report and Recommendation is **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered dismissing the motion to vacate.

In addition, the court is of the opinion movant is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the movant need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, the movant has not shown that the issue of whether his claims are meritorious or are barred by the plea agreement is subject to debate among jurists of reason. The factual and legal questions raised by movant have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

SIGNED at Beaumont, Texas, this 19th day of November, 2009.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE